# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERALD DESANTIS,

    Plaintiff,

vs.

JERRY KELLER, et al.,

    Defendants.

Case No. 2:06-CV-01173-ECR-(RJJ)

**ORDER**

    Plaintiff has paid the initial partial filing fee (#6). Before the Court is Plaintiff's Motion in Support of Affidavit for Delay in Filing Complaint (#3) and his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. The Court denies the Motion (#3), and Plaintiff must show cause why the action should not be dismissed as untimely.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff incorrectly assumes that he is proceeding in an earlier action, <u>Desantis v. Prison Health Svc.</u>, Case No. 2:03-CV-01067-KJD-(RJJ). Motion (#3), at p. 2. The Court dismissed that action without prejudice and entered final judgment on September 15, 2003. Plaintiff can seek to reopen that action only by moving for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or <u>excusable neglect</u>; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, <u>and for reasons (1), (2), and (3) not more than one year after the judgment</u>, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b) (emphasis added). Plaintiff does argue that excusable neglect exists to grant relief from the judgment. However, Rule 60(b) required Plaintiff to move for such relief within one year of entry of the judgment. The Motion (#3), filed on September 20, 2006, is two years too late. The Court may also grant relief from the judgment for any other reason pursuant to Rule 60(b)(6), but that provision is not a substitute for Rule 60(b)(1). <u>U.S. v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1050 (9th Cir. 1993). Consequently, the Court denies Plaintiff's Motion (#3).

Because this is a new action, the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 appears to be untimely. Section 1983 does not have its own statute of limitations, but a court uses the statute of limitations for personal injury actions of the State in which it is located. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years. <u>Perez v. Seevers</u>, 869 F.2d 425, 426 (9th Cir. 1989). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Bagley v. CMC Real Estate</u>

1  Corp., 923 F.2d 758, 760 (9th Cir. 1991).  The dismissal without prejudice of Desantis v. Prison
2  Health Svc. did not toll the statute of limitations.  See United States v. California, 932 F.2d 1346,
3  1351 (9th Cir. 1991), affirmed, 507 U.S. 746 (1993); Humphreys v. United States, 272 F.2d 411,
4  412 (9th Cir. 1959) ("[A] suit dismissed without prejudice . . . leaves the situation the same as if the
5  suit had never been brought in the first place.").

6         Plaintiff's allegations all involve acts that occurred in August 2001 and July 2003.
7  More than two years have passed between those events and the commencement of this action on or
8  around September 20, 2006.  The period of limitations appears to have expired.

9         Equitable tolling to excuse the untimely action might exist.  The criteria for equitable
10 tolling "include: (1) 'the diligence of the claimant'; (2) 'the claimant's knowledge of the relevant
11 facts'; (3) 'the claimant's reliance on authoritative statements . . . that misled the claimant about the
12 nature of the claimant's rights'; (4) any deception or false assurances on the part of party against
13 whom the claim is made; (5) the prejudice to the defendant that would actually result from delay
14 during the time the limitations period is tolled; and (6) 'any other equitable considerations
15 appropriate in the particular case.'  Wisenbaker v. Farwell, 341 F. Supp. 2d 1160, 1166 (D. Nev.
16 2004) (quoting Copeland v. Desert Inn Hotel, 673 P.2d 490, 492 (Nev. 1983)).  Plaintiff does allege
17 that he has been hospitalized, that he has had limited access to the prison's law library, and that
18 prison officials have not updated the library's new computer system with the latest court decisions
19 and changes in statutory law.  Motion (#3), p. 4.  These might be reasons for equitable tolling, but
20 he needs to provide more specific details about these problems, and he will need to address the other
21 factors.

22        Also before the Court is Plaintiff's Motion to Submit Complaint with Extra Pages
23 Totaling 29 Pages (#2), which the Court grants.

24        IT IS THEREFORE ORDERED that Plaintiff's Motion in Support of Affidavit for
25 Delay in Filing Complaint (#3) is **DENIED**.

26        IT IS FURTHER ORDERED that Plaintiff's Motion to Submit Complaint with Extra
27 Pages Totaling 29 Pages (#2) is **GRANTED**.

28        IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint.

IT IS FURTHER ORDERED that, within thirty (30) days from the date on which this Order is entered, Petitioner shall show cause why this action should not be dismissed as untimely. The failure to comply with this Order will result in the dismissal of this action.

DATED this __8th__ day of November, 2006.

_____
EDWARD C. REED
United States District Judge